```
               UNITED STATES BANKRUPTCY COURT
               MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION
```

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Mary Beth Lafeminia, | ) | Case No. 05-14474 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| Derek Even Warren, | ) | Case No. 05-14476 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| Michael Leroy Kisinger, | ) | Case No. 05-14494 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM OPINION

These cases came before the court on February 7, 2006, on the motions and applications of Charles M. Ivey, III, the Chapter 7 Trustee ("Trustee"), for sanctions against C. Orville Light, the attorney for the above-captioned Debtors. Charles M. Ivey, III appeared as Chapter 7 Trustee. Mr. Light did not attend the hearings. For the reasons stated herein, the court will grant the Trustee's motions.

## BACKGROUND

Mr. Light services consumer bankruptcy clients out of his office in Eden, North Carolina. Shortly after the effective date of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act, he filed several cases. The filings of three such cases are

the subject of the Trustee's motions for sanctions.  The facts of each of these cases are briefly summarized.

Mr. Light filed a Chapter 7 bankruptcy case for Mary Beth Lafeminia on November 26, 2005.  No certificate of credit counseling or certification of exigent circumstances was ever filed.  Before the hearing to show cause as to why the case should not be dismissed based on the failure to obtain credit counseling, the Trustee filed a motion in aid of administration alleging that the petition and schedules were so deficient as to make impossible the performance of the Trustee's duties under 11 U.S.C. § 704.  For example, on Schedule A, Ms. Lafeminia claims ownership of a mobile home with no apparent ownership in real estate.  No accompanying lease is disclosed on Schedule G, but on Schedule J she lists a $340 monthly mortgage or rent payment.  Moreover, in her claim of exemptions, she states that the mobile home is held as entireties property, but then she states on Schedule I that she is divorced.  Also, on Schedule I, Ms. Lafeminia states that she has been employed for seven years; however, on her Statement of Financial Affairs she claims not to have received any amount for employment during the past two years.  Finally, Mr. Light's disclosure of compensation states that no amount was paid to him for services related to the bankruptcy; in fact, Ms. Lafeminia paid Mr. Light for bankruptcy services.

Similar to Ms. Lafeminia, Mr. Light filed a Chapter 7

bankruptcy petition for Derrick Even Warren on November 26, 2005. Also like Ms. Lafeminia, Mr. Warren's case was filed without a certificate of credit counseling and without a certification of exigent circumstances.  Mr. Warren eventually filed a certificate of credit counseling on December 15, 2005, reflecting that he completed the course on the previous day.  Based on the face of the petition, Mr. Warren is a resident of Virginia – not North Carolina – yet he claims property exemptions under North Carolina law.  Schedules A and G reflect that Mr. Warren does not own any real property and does not lease any property, but Schedule J states that he pays $250 as either a mortgage or rent expense. Likewise, Mr. Warren claims a $48 monthly storage expense, but no corresponding lease is disclosed.  Although Schedule I states that Mr. Warren has been employed at his present position for one-year, he does not claim to have earned any income during the previous two years on his Statement of Financial Affairs.  The disclosure of compensation reflects that Mr. Warren did not pay Mr. Light any amount of bankruptcy related services, however, Mr. Light was paid.

Finally, Mr. Light filed a Chapter 7 bankruptcy case for Michael Leroy Kisinger on December 1, 2005.  Like Ms. Lafeminia and Mr. Warren, Mr. Kisinger's case was filed without a certificate of credit counseling and without a certification of exigent circumstances.  On Schedule A, Mr. Kisinger indicates that he owns a mobile home valued at $1,000, but there is no supporting

description on the make, model or year of the mobile home.  There is no apparent corresponding ownership in land, no secured creditors, and no lease, but, Mr. Kisinger claims to pay a $65 rent or home mortgage payment.  On the local exemption form used by this court, Mr. Kisinger deleted the itemization of household property and merely claimed $900 in household goods as exempt without identifying those items.  Rather than using the statutory homestead exemption of $10,000, Mr. Kisinger inexplicably claims his $1,000 homestead as being partially exempt under the North Carolina Constitution by claiming three separate amounts as exempt: $50.00; $280.00; and $12.60.

On January 17, 2006, the court dismissed all three cases under section 109(h) of the Bankruptcy Code based on the failure of the Debtors to meet the pre-petition credit counseling requirements.  In the dismissal orders, however, the court retained jurisdiction in order to hear the request for sanctions contained in the Trustee's motions in aid of administration.  In his motions, the Trustee seeks sanctions against Mr. Light because the deficient nature of the petition and schedules in the three cases required the Trustee to expend time and perform extraordinary services in an effort to make sense of the faulty petitions and schedules and in filing the motions in aid of administration.

## ANALYSIS

The petition and schedules that Mr. Light filed on behalf of

Ms. Lafeminia, Mr. Warren, and Mr. Kisinger are confusing and, for the most part, incomprehensible.  In the Trustee's motions in aid of administration and his applications for compensation, he has itemized the time that was expended in attempting to make sense of the petitions and schedules and in preparing the motions that were necessitated by the faulty petitions and schedules, and has requested that the court sanction Mr. Light by requiring him to reimburse the Trustee for the time and expenses incurred by the Trustee.  The court has the authority to impose the requested sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, section 105(a) of the Bankruptcy Code and the inherent authority of the court to manage cases and attorneys who appear in cases in order to achieve orderly and expeditious disposition of cases.  See In re Pettey, 288 B.R. 14, 22-23 (Bankr. D. Mass. 2003) (imposing sanctions under Rule 9011 against an attorney that filed a chapter 13 case when the debtor was not eligible for chapter 13 relief); In re Deville, 361 F.3d 539, 551 (9th Cir. 2004)(a court may rely on its inherent power as a sanctioning tool in instances where statutes or rules prove inadequate to remedy misconduct); Fellheimer, Eichen & Braverman v. Charter Tech., Inc., 57 F.3d 1215 (3d Cir. 1195)(recognizing that inherent authority of federal courts includes the authority to discipline or sanction attorneys who appear before the court); In re Tubbs, 302 B.R. 290 (Bankr. W.D. Ark. 2003)(recognizing that section 105 provides authority to

sanction attorneys); In re MPM Enter., Inc., 231 B.R. 500 (E.D.N.Y. 1999)(same).  The court has concluded that such authority should be exercised in these cases and that the requested sanctions are appropriate and should be imposed.

By filing a bankruptcy petition for a debtor, an attorney is certifying to the best of the attorney's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances, that the debtor's eligibility to file a bankruptcy petition has evidentiary support.  Rule 9011(b).  The three cases now before the court were filed by Mr. Light without any apparent effort to have his clients comply with the credit counseling requirements of section 109(h).  Those clients were therefore not eligible for relief under title 11 and their cases accordingly were dismissed.  No requirement exists that an action must be undertaken in bad faith to violate Rule 9011; the Rule only requires a showing of objectively unreasonable conduct.  Fellheimer, Eichen & Braverman v. Charter Technologies, 57 F.3d at 1225.  It was painfully clear from the hearing that Mr. Light has no grasp of the requirements of section 109 nor the consequences of a failure to comply with such requirements.  The petitions were without evidentiary support and his conduct in signing and filing the petitions was objectively unreasonable and constituted a violation of Rule 9011(b).

In addition to the lack of evidentiary support for the

petitions, the schedules and statements of financial affairs in these cases were replete with the deficiencies and errors which are summarized above and which are described in detail in the Trustee's motions.  Those deficiencies and errors do not involve simply an attorney reporting bad information that was furnished by a client. Rather, they involve the filing of documents containing blatant errors and deficiencies which should have been recognized by any attorney with a basic understanding of bankruptcy law and who reviewed the documents with reasonable care.  The preparation and filing of such documents is harmful and a disservice to the clients for whom the documents are prepared and impede and undermine the orderly, effective and expeditious administration of bankruptcy cases.  More specifically, the deficient documents filed in these cases resulted in the Trustee expending considerable time and effort that otherwise would not and should not have been required. In the Lafeminia case, the Trustee expended 3.40 hours dealing with the problems and issues created by the deficient documents that were filed, while his paralegal expended .25 hours doing so.  In the Warren case, the Trustee expended 3.50 hours dealing with the problems and issues created by the deficient documents filed in that case, while his paralegal expended .25 hours doing so.  In the Kisinger case, the Trustee expended 3.3 hours dealing with the problems and issues created by the deficient documents in that case, while his paralegal expended .25 hours doing so.

An appropriate sanction in these cases is to require Mr. Light to compensate the Trustee for the foregoing expenditures of time at the rate of $190.00 per hour for the Trustee's time and $75.00 per hour for the paralegal's time. Mr. Light also should be required to reimburse the Trustee for the postage and copying expenses itemized in the Trustee's applications. The result is that Mr. Light will be ordered to pay to the Trustee the sum of $674.26 in the Lafeminia case, the sum of $693.26 in the Warren case and the sum of $655.26 in the Kisinger case.

## CONCLUSION

Had Mr. Light exercised reasonable diligence in preparing the petitions, schedules and statements of financial affairs of Ms. Lafeminia, Mr. Warren, and Mr. Kisinger, and had Mr. Light made a reasonable review of the petitions and schedules before he filed them, the errors and mistakes that were made could and should have been avoided and the Trustee would not have expended the time and incurred the expenses described in his applications. Given the number and the nature of the deficiencies in the documents filed in these cases and the lack of diligence and care on the part of Mr. Light in submitting such documents, the court is satisfied that these monetary sanctions are appropriate and should be imposed. Orders so providing will be entered in each of these cases.

A copy of the foregoing was mailed
electronically or conventionally to:

Charles M. Ivey, III

Michael D. West

C. Orville Light
407 S. Van Buren Road
Suite C-D
Eden, NC 27288

Michael Leroy Kisinger
252 Elaines Drive
Stoneville, NC 27048